**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**BRASPINE MADEIRAS, LTDA,**

        **Plaintiff,**

**-vs-**                                                                 **Case No. 6:08-cv-1450-Orl-22DAB**

**CONSTRUCTION IMPORTS, LLC,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on review of Plaintiff's Response to this Court's Order to Show Cause (Doc. Nos. 11 and 12). Plaintiff contends that it should be allowed an *additional* 120 days to effect service of process on the Defendant and the Court should direct the Clerk to issue a Pluries Summons. The Court declines to do so and **recommends** that the action be dismissed for failure to timely serve the summons and Complaint.

As Plaintiff correctly notes, according to Rules 4(c)(1) and 4(m), Fed.R.Civ.P., Plaintiff was responsible for serving Defendant within 120 days of the filing of the Complaint, *i.e.,* before December 21, 2008. It is undisputed that it did not do so, nor did it move to extend time in which to do so prior to the expiration of the 120 days. Rather, Plaintiff, represented by counsel, attempted service on Defendant's registered agent, and reported the service as unsuccessful, on October 21, 2008 (Doc. No. 8). Thereafter, Plaintiff "served" Defendant, care of the Florida Secretary of State, on October 28, 2008 (Doc. No. 9). According to the Response, Plaintiff "learned that Florida law does not permit service on a limited liability company by serving the Florida Secretary of State," in January

2009. Yet Plaintiff did not move for an extension of time in which to serve Defendant in January, nor at any time prior to the filing of the Response. Rather, Plaintiff hired an investigator to locate Defendant's registered agent and managing members and moved, in February, for issuance of a pluries summons.

Plaintiff asserts that good cause has been shown for the extension it now belatedly seeks because: "it first served Defendant within the initial 120 day time period . . .[and] [w]hen Plaintiff later discovered that such service was ineffective on Defendant, Plaintiff acted promptly to rectify the problem." As the above indicates, in fact, it did neither. Ineffective service is not service, but *attempted* service, and hiring an investigator did not rectify the problem, as the problem was that the clock had run without a timely motion to extend being filed. At bottom, Plaintiff's showing of good cause is nothing more than a showing that counsel erred in failing to recognize that the attempted service was ineffectual, and in failing to timely seek an extension. Absent more, this does not constitute good cause. *See Madison v. B.P. Oil Co.,* 928 F. Supp. 1132, 1137 (S.D. Ala. 1996) (collecting cases).

For the foregoing reasons, the Court **respectfully recommends** that the rule be applied and the case be dismissed **without prejudice.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 11, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy